Filed 1/29/2018 3:51 PM
Janet Gates
District Clerk
Cherokee County, Texas

Kelly Curry

CAUSE NO. 2018-01-0048

| | | |
|---|---|---|
| HENRY PATRICK TILLEY AND GUSTINA TILLEY | § § § | |
| Plaintiffs, | § § | IN THE _____ JUDICIAL |
| V. | § § | DISTRICT COURT OF |
| | § § | CHEROKEE COUNTY, TEXAS |
| | § § | |
| SUNBEAM PRODUCTS, INC. AND WALMART STORES, INC. | § § § § | |
| Defendants. | § | |

### PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiffs Henry Patrick Tilley and Gustina Tilley ("the Tilleys" or "Plaintiffs") file their Original Petition complaining of Defendant Sunbeam Products Inc. ("Sunbeam") and Walmart Stores, Inc. ("Walmart") and would respectfully show the Court as follows:

### I. DISCOVERY CONTROL PLAN

Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiffs intend to conduct discovery pursuant to Discovery Control Plan Level 3.

### II. THE PARTIES

Plaintiffs are individuals that reside in Cherokee County and own the property located at 222 S. Bolton, Jacksonville, Texas (the "Property").

Defendant Sunbeam is a foreign corporation registered to do business in Texas. Sunbeam is a Delaware corporation that may be served with process by serving its registered agent for service of process Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin Texas 78701. Sunbeam engaged in the business

of selling table fans in Cherokee County, Texas.

Defendant Walmart is a foreign corporation registered to do business in Texas. Walmart is a Delaware corporation that may be served with process by serving its registered agent for service of process, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201. Walmart engaged in the business of selling table fans in Cherokee County, Texas. Walmart engaged in the business of selling table fans in Cherokee County, Texas.

### III. JURISDICTION AND VENUE

Venue is proper in Cherokee County pursuant to Tex. Civ. Prac. & Rem. Code § 15.002 because all or a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in Cherokee County, Texas. Further, Defendants' acts or omissions were the proximate and/or producing cause of Plaintiffs' damages. The Court has jurisdiction over Sunbeam and Walmart because they registered in the State of Texas as foreign corporations and provided registered agents for service of process. Moreover, Sunbeam and Walmart committed torts in Texas and/or committed tortious injuries in the State of Texas caused by an act outside the State. As a result, the State of Texas may exercise personal jurisdiction over Sunbeam and Walmart. Plaintiffs' causes of action arise directly out of Defendants' conduct in Texas and Defendants' conduct gives rise to both specific and general jurisdiction, pursuant to section 17.042 of the Texas Civil Practice and Remedies Code.

As a proximate result of the incident made the basis of this suit, Plaintiffs incurred damages in an amount more than $100,000, exclusive of interests and costs, which is in excess of this Court's minimum jurisdictional limits.

### IV. FACTUAL BACKGROUND

On February 6, 2016, a fire occurred at the Tilley's property when a table fan manufactured

by Sunbeam and sold by Walmart suddenly burst into flames. The fire was captured on the business' video surveillance camera. Further, an investigation determined the fire in the Sunbeam fan was the result of a manufacturing defect and/or design defect which allowed arcing that caused the entire fan to suddenly catch fire. Specifically, there was a failure of the motor windings, which started arcing in the fan. The fan did not have a fuse within the plugs, which would have shut down the fan when the fuse was tripped. The technology to have such a fuse in the fan was available at the time of The Product's manufacture. The fire spread to the remainder of the building and to a second building owned by the Tilleys, causing significant property damage. The Tilleys suffered damage as a result of the conduct of Sunbeam and Walmart. The Tilleys bring this action seeking to recover all damages incurred as a result of the negligence and breach of warranty of Defendants and Defendants' acts and/or omissions.

## V. CAUSES OF ACTION
### A. NEGLIGENCE

At all relevant times, Defendants owed a duty to the Tilleys to exercise reasonably prudent and ordinary care when designing, manufacturing and marketing and selling the Product. Defendants violated this duty by, among other things:

- a. Designing a fan that was defective and unreasonably dangerous;
- b. Designing and manufacturing a fan that presents a fire hazard;
- c. Marketing a fan that was defective and unreasonably dangerous;
- d. Violating safety rules that unnecessarily endanger the public;
- e. Failing to perform properly a hazard analysis of the Product;
- f. Failing to eliminate the fire hazards of the Product through design;
- g. Failing to eliminate the fire hazards of the Product with appropriate warnings;
- h. Failing to comply with the American National Standards Institute ("ANSI") guidelines described in ANSI Z535 when designing and marketing the Product;

i. Placing a defective product into the stream of commerce; and

j. Failing to act as a reasonable person would under the same or similar circumstances.

Each of the above-referenced acts and/or omissions, singularly or in combination with others, constituted negligence on the part of Sunbeam and Walmart, which proximately caused the fire and the resulting damages suffered by Plaintiffs.

## B. STRICT LIABILITY

Sunbeam designed, manufactured and marketed the Product so as to render it defective and unreasonably dangerous for its foreseeable and intended uses. The subject fan was defective at the time it left Defendants' possession, was expected to and did reach the Tilleys through the stream of commerce without substantial change in the condition in which the subject fan was manufactured and marketed, and the fan remained defective at all times thereafter until it caused a fire at the Tilleys' business. An economically feasible alternative design was in use by other fan manufacturers at the time The Product was manufactured. The Product was defective and unreasonably dangerous in one or more of the following respects:

a. The Product was defective and unreasonably dangerous in its design;

b. The Product was defective and unreasonably dangerous due to a manufacturing defect;

c. The Product was defective and unreasonably dangerous in its marketing; and

d. The Product, labels and literature failed to include warnings against known hazards in compliance with ANSI Z535;

At all times material hereto, the fan was being used in a manner for which it was intended or reasonably foreseeable. The defective condition of the fan was a producing cause of the damages suffered by Plaintiff. Accordingly because Sunbeam designed, manufactured, assembled, inspected, marketed and/or sold the fan, it is strictly liable for Plaintiff's damages in an amount beyond the jurisdictional limits of this Court.

### C. BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE

Defendants breached the implied warranties of merchantability and fitness for a particular purpose. When Defendants manufactured, marketed and sold the fan, they impliedly warranted that the fan was of good and merchantable quality, free from defects and consumers could properly and safely operate the fan for its intended and foreseeable purposes. Additionally, Defendants impliedly warranted that the fan was fit for its particular purpose.

The fan was not of merchantable quality at the time it left the possession and control of the Defendants and it was not fit for its particular and intended purpose. Specifically, the fan was defective and unreasonably dangerous when it was used for its intended and particular purpose. As a result, Defendants breached the warranties of merchantability and fitness for a particular purpose and the Defendants' acts were a proximate and producing cause of the Plaintiffs' damages as alleged herein.

At all material times, Sunbeam and Walmart, sellers of the Product, impliedly warranted that the Product was merchantable and fit for its ordinary purpose for which it is used. At all material times, Sunbeam and Walmart were or should have been aware of the particular purpose of using the Product in an business setting; was or should have been aware that the Tilleys were relying on their skill and judgment to provide a fan suitable for a business; and impliedly warranted that the Product was fit for the particular purpose of use.

Each of the above-referenced acts and/or omissions and conditions of the Product, singularly or in combination with others, constituted a breach of the above implied warranties on the part of Sunbeam and Walmart, which directly caused the fire and the resulting damages suffered by Plaintiffs.

## VI. RESERVATION OF RIGHTS

Plaintiffs specifically reserve the right to bring additional causes of action against Defendants and/or others, and to amend this Petition as necessary, pursuant to the Texas Rules of Civil Procedure.

## VII. REQUEST FOR DISCLOSURE

Plaintiffs hereby request that Defendants respond to the Request for Disclosure in Tex. R. Civ. Proc. 194 within the time set forth by said Rule.

## VIII. PRAYER

WHEREFORE, Plaintiff prays that Defendants be served with this Original Petition in the manner prescribed by law, be cited to appear and to answer, and that upon final hearing, enter judgment in favor of Plaintiff and against Defendant for compensatory damages and/or economic damages, including but not limited to, damages to real and/or personal property, costs of court, pre-judgment and post-judgment interest at the highest rate allowed by law, and for such other relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ Amy C. Wright

Mark W. Moran, Esq.
Texas Bar No. 00788076
Amy C. Wright
Texas Bar No. 00785284
**MUNCK WILSON MANDALA, LLP**
12770 Coit Road, Suite 600
Dallas, Texas 75251
T: 972-628-3600
F: 972-628-3616
mmoran@munckwilson.com
awright@munckwilson.com
*Attorneys for Plaintiffs Henry Patrick Tilley and Gustina Tilley*